Filed 9/14/16  P. v. Dominguez CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C081215 |
| Plaintiff and Respondent, | (Super. Ct. No. 15F01408) |
| v. | |
| ELCO JULIAN DOMINGUEZ, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Elco Julian Dominguez has filed an opening brief that sets forth the facts of the case and asks this court to review the record to determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  After reviewing the entire record, we affirm the judgment.

FACTUAL AND PROCEDURAL BACKGROUND

We provide the following brief description of the facts and procedural history of the case.  (See *People v. Kelly* (2006) 40 Cal.4th 106, 110, 123-124.)

1

On March 3, 2015, Sacramento Police Officer Michael Haobsh was dispatched to an address in Del Paso Heights based on a report of an assault with shots fired. The report indicated that there were four Hispanic male adults leaving the scene in a white Chevrolet Impala with silver rims. While en route to the scene, Officer Haobsh observed a vehicle matching the description provided in the report. Officer Haobsh conducted a felony vehicle stop. He ordered all four individuals out of the car at gunpoint and detained them in handcuffs. Defendant was among the individuals detained.

A patdown search of defendant revealed a pill bottle containing 29 pills. The prescription on the pill bottle said it contained Alprazolam (a Schedule IV benzodiazepine) for a person named Steve Lopez. Defendant was arrested and placed in a patrol vehicle.

When defendant was removed from the patrol vehicle to be tested for gunshot residue, a large baggie of a white crystal-like substance was found on the floorboard near where his feet had been. The bag was seized and the contents tested presumptively positive for methamphetamine.

A review of the in-car recording revealed defendant admitting to one of the other individuals in the patrol vehicle that he had methamphetamine on his person. Subsequent testing confirmed that the bag contained 19.2 grams of methamphetamine. An analysis of one of the pills found on defendant revealed that the pill contained Alprazolam.

On September 17, 2015, defendant was charged by second amended information with unlawful possession of methamphetamine for sale (Health & Saf. Code, § 11378; count one) and unlawful possession of a controlled substance—Alprazolam (Health & Saf. Code, § 11375, subd. (b)(2); count two). It was further alleged that defendant had a prior strike conviction. (Pen. Code, §§ 667, subds. (b)-(i), 1170.12.)[1]

---

[1] Undesignated statutory references are to the Penal Code.

Pursuant to a negotiated disposition, defendant pleaded no contest to count one and admitted the strike prior. Consistent with the parties' agreement, the trial court sentenced defendant to an aggregate term of four years in prison, consisting of the midterm of two years on count one, doubled for the strike prior. The trial court imposed a restitution fine in the amount of $300 (§ 1202.4, subd. (b)) and a matching but suspended $300 parole revocation restitution fine (§ 1202.45). The trial court also imposed a $40 court operations assessment (§ 1465.8) and a $30 conviction assessment (Gov. Code, § 70373).

Defendant filed a timely notice of appeal.

## DISCUSSION

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief that sets forth the facts and procedural history of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*Wende, supra*, 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days from the date the opening brief was filed. To date, defendant has not filed a supplemental brief. Having undertaken an examination of the entire record pursuant to *Wende*, we find no arguable error that would result in a disposition more favorable to defendant. Consequently, we affirm the judgment.

## DISPOSITION

The judgment is affirmed.

                                                            NICHOLSON          , J.

We concur:


      RAYE            , P. J.


      DUARTE          , J.

3